## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

NATHAN ANDREW BRYANT,

          Plaintiff,


v.                      **MEMORANDUM OF LAW & ORDER**
                              Civil File No. 07-4229 (MJD/AJB)


DEPARTMENT OF DEFENSE,
Inspector General,

          Defendant.

_____

Nathan Andrew Bryant, pro se.

Lonnie F. Bryan, United States Attorney's Office, Counsel for Defendant.

_____

## I.    INTRODUCTION

      This matter is before the Court on Defendant's Motion to Dismiss

Plaintiff's Complaint [Docket No. 13] and Defendant's Amended Motion to

Dismiss [Docket No. 34].  Plaintiff has also recently filed a Motion for Default

Judgment.  [Docket No. 56]  The Court heard oral argument on March 28, 2008.

The Court also heard motions to dismiss in two related cases filed by Plaintiff at

that time.

## II.    FACTUAL BACKGROUND

Plaintiff is Nathan Andrew Bryant, a former soldier in the Army.

Defendant is the Department of Defense Inspector General ("DOD IG").  DOD IG

is an agency of the U.S. Government.  It advises the Secretary of Defense and

provides oversight for IG offices for all branches of military services.  It maintains

a hotline for members within DOD to submit complaints.

Defendant submits the Administrative Record ("AR") in this case.  Bryan

was an Army Specialist who enlisted on August 2, 2006.  After attending basic

training, in December 2006, he was stationed in Baumholder, Germany.

In February and March 2007, Bryant began to file reports with the DOD IG

hotline stating that he was being harassed by fellow soldiers and claiming, for

example, while he slept, his crown was removed from his tooth, holes were being

poked in his face, and there was blood between his toes.  He was sent to multiple

mental health evaluations.

Bryant sent more than sixty complaints to the DOD IG hotline by sending

emails complaining of harassment by various persons.  Bryant, who is white, also

claimed that he was treated less favorably than African-American soldiers.  DOD

2

IG told Bryant that he needed to contact his local IG office to handle complaints concerning his unit and the local Equal Opportunity representative to address his claims of racial discrimination.

Bryant repeatedly requested to be discharged from the Army.

During the summer of 2007, Bryant was accused of various acts of disobedience and was subject to a variety of disciplinary measures, which he allegedly failed to comply with.

On August 13, after a series of escalating disciplinary measures and failure to obey, including going AWOL, Bryant was informed that there would be a Summary Court Martial on August 15.  The Commander preferred court-martial charges against Bryant for misconduct including disobeying orders and going AWOL.  The Commander determined that Bryant was a flight risk and would continue to engage in misconduct, so he was placed in pre-trial confinement.

On August 27, Bryant submitted a request to be discharged from the Army with an other than honorable discharge in lieu of the court-martial, which is referred to as a Chapter 10 discharge.  Bryant's request states that it was prepared with the assistance of an attorney and was voluntary.

The Commanding General approved the request and Bryant was reduced

to the rank of E-1 and received an other than honorable discharge on September 21, 2007.

On October 11, 2007, Bryant filed his Complaint in this Court against the DOD IG.  The Complaint is brought under "the plaintiff's civil rights under Article 138; Army Regulations; US Code Collection; Military Whistle Blower Protection Act, 2002; Department of Defense Directives; Equal Employment Opportunity & Civil Rights."  (Compl. ¶ 2.)  His Complaint is based on the allegation that the DOD IG had the power to discharge Bryant or remove him from a harassing situation but chose not to investigate or prevent harassment until he was discharged after being confined in a holding facility.  (Id. ¶ 1.)

The Complaint contains 25 counts.  The Complaint alleges Defendant committed wronging by discharging Bryant; failing to follow certain procedures as part of the court-martial and discharge process, such as not flying him back to Minnesota, not giving him a medical exam, reducing his rank, and coercing him into requesting the discharge; not following correct procedures with regard to mental evaluations; allowing him to be subject to harassment and hazing and ignoring his complaints; denying him a transfer or discharge; forcing him to obey illegal orders; being subject to racial harassment and discrimination by African-

American soldiers; subjecting him to retaliation based on his complaints regarding race discrimination; subjecting him to retaliation based on his complaints of harassment; committing perjury in his official Army record; and being negligent.  He claims that all of his "damages were directly and proximately caused by the negligence, and or carelessness of the defendant: Department of Defense, Inspector General."  (Compl. ¶ 65.)

In his Complaint, Bryant requests compensatory and special damages in excess of ten million dollars.  In his memoranda filed in opposition to the motions to dismiss, Bryant seeks in excess of twenty million dollars in damages.

In his response, Bryant disputes a number of facts in the administrative record.  None of these disputes are relevant to the jurisdictional issue currently before the Court.  Instead, Bryant's objections relate to the merits of his claim – whether he was treated fairly in his discharge from the Army and whether he actually engaged in disobedient conduct.

Defendant now brings a motion to dismiss for lack of jurisdiction and Bryant brings a motion for default.

III.    DISCUSSION

   A.    Standard

Defendant asserts that this case should dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Plaintiff bears the burden of establishing the Court's subject matter jurisdiction.  Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006).

> In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.  In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction.

Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted).  "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards."  Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted).

Defendant asserts that this Court lacks jurisdiction for two reasons: 1) Bryant has not met the jurisdictional presentment requirement found in the Federal Tort Claims Act; and 2) sovereign immunity has not been waived and this claim is barred by the Feres doctrine.  Because the Court concludes that it lacks jurisdiction over this matter because Bryant has not met the presentment requirement, it does not reach the issue of the applicability of the Feres doctrine.

6

**B.     Waiver of Sovereign Immunity for Statutory Claims**

Sovereign immunity protects the United States from being sued unless Congress has expressly waived the government's immunity.  A district court lacks jurisdiction to hear a case against the United States unless its sovereign immunity has been waived, and the court's jurisdiction is limited by the scope of the waiver.  [A] waiver of the government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.  Once consent has been expressly provided and its scope defined, however, the waiver of immunity is liberally construed within the parameters of the consent.

Kaffenberger v. United States, 314 F.3d 944, 950 (8th Cir. 2003) (citations omitted).

Defendant notes that none of the statutes or rules cited by Bryant contain a waiver of sovereign immunity.  The Army Regulations and DOD Directives to which Bryant cites are not statutes, and so cannot waive sovereign immunity.

Article 138 permits a service member to request an investigation of his or her commanding officer by presenting a Complaint of Wrongs to a different officer.  10 U.S.C. § 938.  It contains no provision for a cause of action in federal court.

The Military Whistleblower Protection Act ("MWPA"), 10 U.S.C. § 1034, provides an administrative remedy for service members but it does not provide a private cause of action in federal court.  Acquisto v. United States, 70 F.3d 1010,

1011 (8th Cir. 1995).

Title VII does not provide jurisdiction for claims of racial discrimination and harassment by service members while on active duty.  <u>Hupp v. U.S. Dept. of the Army</u>, 144 F.3d 1144, 1147 (8th Cir. 1998).  Likewise, military personnel cannot bring an action against their superior officers for alleged constitutional violations or for claims under § 1981 or § 1983.  <u>Chappell v. Wallace</u>, 462 U.S. 296, 305 (1983); <u>Watson v. Ark. Nat'l Guard</u>, 886 F.2d 1004, 1008 (8th Cir. 1989).

Because Bryant does not state a statutory claim, Defendant concludes that the Court could interpret the Complaint to allege a tort when it claims that the DOD IG was negligent in responding to Bryant's complaints.  In that case, the Federal Tort Claims Act ("FTCA") would be the only applicable waiver of sovereign immunity.  In his Opposition, Bryant confirms that his Complaint is brought pursuant to the FTCA.  However the Court is without jurisdiction to hear any FTCA claim because Bryant has failed to present a claim to Defendant.  Because this Court lacks jurisdiction based on failure to present, it does not reach Defendant's argument that Bryant's Complaint is barred by the <u>Feres</u> doctrine.

### C.    Federal Tort Claims Act

#### 1.    Standard

8

The Federal Tort Claims Act ("FTCA") is a plaintiff's exclusive remedy for personal or property damage "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "A claim accrues when the plaintiff knows or reasonably should know both the existence and cause of the injury." Slaaten v. United States, 990 F.2d 1038, 1041 (8th Cir. 1993) (citation omitted). "The general rule is that a claim accrues at the time of the plaintiff's injury." Osborn v. United States, 918 F.2d 724, 731 (8th Cir. 1990) (citation omitted).

Additionally, such an action shall not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Presentment of an administrative claim is jurisdictional. Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). The plaintiff has the burden of pleading and proving that he has satisfied the presentment requirement. Id. When these remedies have not

been exhausted, the Court lacks subject matter jurisdiction, and the complaint must be dismissed.

### 2.    Adequacy of Bryant's Presentment

The undisputed evidence demonstrates that Bryant has not submitted a written administrative tort claim to the Army.  (Ferguson Decl. ¶¶ 1-2.)  Nor has Bryant's Complaint pled that he has submitted such a claim.  Therefore, the Court will dismiss Bryant's Complaint without prejudice.

Verbal reports and writings without a sum certain sent to the DOD IG do not satisfy the requirement of the FTCA.  "[A] claimant satisfies the notice requirement of section 2675 if he provides in writing (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought."  Farmers State Sav. Bank v. Farmers Home Admin., a Div. of the U.S. Dept., 866 F.2d 276, 277 (8th Cir. 1989) (citations omitted).  "[T]wo prerequisites for administrative investigation are the identity of the claimants, and the nature of the claims."  Id. (citations omitted).  See also 32 C.F.R. § 536.26(a) ("A claim is a writing that contains a sum certain for each claimant and that is signed by each claimant, or by an authorized representative, who must furnish written authority to sign on a claimant's behalf.  The writing must contain enough information to

permit investigation.  The writing must be received not later than two years from

the date the claim accrues."); 28 C.F.R. § 14.2(a)  ("For purposes of the provisions

of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been

presented when a Federal agency receives from a claimant, his duly authorized

agent or legal representative, an executed Standard Form 95 or other written

notification of an incident, accompanied by a claim for money damages in a sum

certain for injury to or loss of property, personal injury, or death alleged to have

occurred by reason of the incident; and the title or legal capacity of the person

signing, and is accompanied by evidence of his authority to present a claim on

behalf of the claimant as agent, executor, administrator, parent, guardian, or

other representative.").

　　　While the Army regulations allow for an oral claim under the Foreign

Claims Act ("FCA"), even if the FCA were applicable in this case, there is no

evidence or allegation that Bryant orally presented his claim, including a request

for a sum certain, to Defendant.

　　　Bryant asserts that he did make a complaint to First Sergeant Copridge and

Sergeant Major Cooper regarding harassment and they refused to help.  He

asserts he made complaints to the DOD IG regarding harassment, stress, mental

and physical abuse.  Bryant also claims that his claim has been finally denied by

the agency in writing when Sergeant First Class Runnels denied his complaint on

June 26, 2007, by stating that the DOD IG had reviewed his case and it was not

appropriate for the Inspector General.  However, Bryant does not claim that he

ever made a written claim – or any claim -- for a sum certain.  Therefore, Bryant

has not satisfied the presentment requirement and the Court lacks subject matter

jurisdiction over any FTCA claim.

### D.    Bryant's Motion for Default Judgment

On March 18, 2008, Bryant filed a Motion for Default Judgment.  [Docket

No. 56]  He asserts that he is entitled to a $20 million award against Defendant

because Defendant has failed to defend.  This motion is denied because

Defendant has timely appeared in and vigorously litigated this matter.


Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:


1.    Defendant's Motion to Dismiss Plaintiff's Complaint [Docket No. 13]
and Defendant's Amended Motion to Dismiss [Docket No. 34] are
both **GRANTED** and Plaintiff's Complaint is **DISMISSED**

**WITHOUT PREJUDICE**.

2.      Plaintiff's Motion for Default Judgment [Docket No. 56] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   April 9, 2008                          s / Michael J. Davis_____
                                                Judge Michael J. Davis
                                                United States District Court

13